IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MINDY'S RESTAURANT, INC. and MARKHAM COMPANY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 08 C 5448 ) ) |
| JAMES WATTERS and MOKENA MINDY'S INC., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant James Watters' ("Watters") and Defendant Mokena Mindy's, Inc.'s ("Mokena Mindy's") motion to disqualify counsel. For the reasons stated below, we deny the motion to disqualify counsel.

## BACKGROUND

Plaintiffs allege that Plaintiff Mindy's Restaurant, Inc. ("Mindy's") has been in business for over fifteen years and owns proprietary rights to certain trademarks. Plaintiffs claim that Mindy's grants licenses to certain individuals to own and operate

other Mindy's restaurants using Mindy's' trademarks.  Plaintiffs claim that Mindy's entered into one such licensing agreement with Watters and Mokena Mindy's in 1999, whereby Watters was permitted to operate a Mindy's restaurant in Mokena, Illinois ("Licensing Agreement").  According to Plaintiffs, after several years of operation, Defendants became noncompliant with their payment obligations under the Licensing Agreement and Mindy's served written notice on Defendants that the Licensing Agreement would be terminated.  Plaintiffs claim that despite their lawful termination of the Licensing Agreement, Defendants refused to cease their operation of the Mindy's restaurant in Mokena, Illinois and continued to unlawfully use Mindy's trademarks.  Plaintiffs brought the instant action and have included a trademark infringement claim alleging a violation of 15 U.S.C. § 1114(l) (Count I), an unfair competition claim alleging a violation of 15 U.S.C. § 1125(a) (Count II), a state law claim for breach of the Licensing Agreement (Count III), a state law claim for specific performance (Count IV), and a state law claim for breach of a lease agreement between the parties (Count V).  Defendants have brought the instant motion to disqualify counsel for Plaintiffs.

## LEGAL STANDARD

In ruling on a motion for disqualification the court should consider aspects of professional responsibility for an attorney such as maintaining the confidentiality of certain information.  *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1982).  The court must also strive to "safeguard the sacrosanct privacy of

the attorney-client relationship," "maintain public confidence in the legal profession and assist[ ] in protecting the integrity of the judicial proceeding." *Id.* However, the Seventh Circuit has made it clear that "disqualification is a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" *Schiessle v. Stephens*, 717 F.2d 417, 419-21 (7th Cir. 1983)(quoting in part *Freeman*, 689 F.2d at 721).

## DISCUSSION

I. Prior Relationship

Defendants argue that the law firm of Cheng Cohen LLC ("Cheng Cohen"), which represents Plaintiffs in the instant action, should be disqualified based on prior representation of Watters. Watters has submitted an affidavit stating that, beginning July 2006, Watters and Terrance Markham ("Markham"), the owner of Mindy's and Plaintiff Markham Company, entered into negotiations regarding a possible joint venture, whereby Watters would obtain a partial ownership interest in Mindy's. (Watters Aff. Par. 8). According to Watters, he and Markham met with Amy Cheng ("Cheng"), an attorney who works for Cheng Cohen, in 2007, to discuss the potential joint venture. (Watters Aff. Par. 15). Plaintiffs concede that Watters and Markham did meet with Cheng on one occasion in 2007, to discuss a possible franchise agreement ("Consultation"). (Cheng Aff. Par. 6). However, Plaintiffs contend that neither Cheng nor Cheng Cohen ever formed an attorney-client relationship with Watters since the Consultation was only an initial interview during which no

3

confidential information was revealed and since neither Cheng nor Cheng Cohen were ever again contacted or retained by Watters or Markham with respect to the matter. (Resp. 2). It should be noted that Cheng has not filed an appearance in the instant action and Plaintiffs are presently represented by other attorneys from the law firm of Cheng Cohen.

A motion to disqualify is analyzed by courts in this Circuit using a three-step process. *Cromley v. Board of Educ. Of Lockport Tp. High School Dist. 205*, 17 F.3d 1059, 1064 (7th Cir. 1994). First, the court "'must determine whether a substantial relationship exists between the subject matter of the prior and present representations.'" *Id.* (quoting *Schiessle*, 717 F.2d at 420). If there is a substantial relationship between the prior and present representations, the next issue is "'whether the presumption of shared confidences with respect to the prior representation has been rebutted.'" *Id.* (quoting *Schiessle*, 717 F.2d at 420). While courts presume that "'particular individuals in a law firm freely share their client's confidences with one another,'" it has been recognized by the Seventh Circuit that "'the presumption that an attorney has knowledge of the confidences and secrets of his firm's clients is rebuttable.'" *Id.* (quoting *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982); *Novo Terapeutisk Laboratorium v. Baxter Travenol Lab., Inc.*, 607 F.2d 186, 197 (7th Cir 1979). If the presumption of shared confidences is not rebutted with respect to the first representation, the final inquiry is whether "'the presumption of shared confidences has been rebutted with respect to the present representation.'" *Cromley*, 17 F.3d at 1064 (quoting *Schiessle*, 717 F.2d at 420).

The first analysis to be undertaken by the court in assessing a motion for disqualification is whether there was a substantial relationship between the Cheng's involvement in the Consultation and Cheng Cohen's involvement in the present litigation. *Lebovitz v. Miller*, 856 F.2d 902, 908 (7th Cir. 1988). Plaintiffs raise the initial argument that disqualification is improper since there never was an actual attorney-client relationship between Watters and Cheng. The Seventh Circuit has stated that "it is not required that a formal attorney-client relationship exist" for disqualification to be appropriate. *Id.* As discussed by the Seventh Circuit in *Westinghouse Elec. Corp. v. Kerr-McGee Corp.*, 580 F.2d 1311 (7th Cir. 1978), an implied attorney-client relationship can be formed without an express agreement and "[t]he professional relationship . . . 'hinges upon the client's belief that he is consulting a lawyer in that capacity and his manifested intention to seek professional legal advice.'" *Id.* at 1319 (citation omitted). In assessing whether there was an implied attorney-client relationship, the court should consider factors such as "the nature of the work performed and the circumstances under which confidential information is divulged." *Id.* Defendants contend that such an implied attorney-client relationship was formed during the Consultation since, according to Watters' affidavit, "it was [his] understanding that Cheng Cohen would represent both Terrence Markham and [him]." (Watters Dep. Par. 21).

Even if the Consultation would be enough to constitute a "representation," the scope of such representation is significantly limited by the following factors. First, it is clear, both from the Watters Affidavit and the affidavit of Cheng, which was

submitted by Plaintiffs in opposition to the instant motion, that Cheng's involvement was strictly limited to the one-time meeting and after the Consultation, Cheng was never again contacted or retained by Markham or Watters concerning the matters discussed. (Cheng Aff. Par. 8). Second, and most importantly, it is clear from both affidavits that the subject matter was limited during the Consultation and that Cheng neither provided any advice to Markham and Watters, nor received any confidential information. The above factors may be taken into consideration by the court in determining whether a substantial relationship existed between the initial brief Consultation and Cheng Cohen's present representation of Plaintiffs.

A threshold question regarding the issue of whether there was a substantial relationship is whether "a lawyer could have obtained confidential information in the first representation that would have been relevant in the second.'" *Lebovitz*, 856 F.2d at 908 (quoting *Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1266 (7th Cir. 1983)). Defendants argue that there is a relationship between the subject matter discussed in the Consultation and the subject matter of the present litigation. While it is true that there may be a slight tangential relationship between the two matters, it is also true that Cheng could not have possibly obtained confidential information during the Consultation which would be relevant or beneficial to Plaintiffs in the instant action. One fact included in Cheng's affidavit that is not disputed by Defendants, is that both Watters and Markham were present throughout the Consultation. Thus, any information that might have been divulged is presumably already known to both Defendants, through Watters, and known to Plaintiffs, through

Markham. By Watters' account, at the initial brief Consultation the issues discussed consisted of "how Mindy's Restaurant conducts business, restaurant operations and selling new franchises." (Watters Aff. Par. 17). Such matters have very little relevance to the actual substance of the instant litigation which involves specific alleged acts by Defendants, most of which allegedly occurred after the Consultation. Finally, even to the small extent that the matters discussed at the Consultation might have any relevance to the instant action, such matters certainly are not confidential considering the fact that no party to this litigation presumably knows more about "how Mindy's Restaurant conducts business, restaurant operations and selling new franchises," (Watters Aff. Par. 17), than Mindy's itself and Markham, who owns Mindy's. Therefore, the court finds that there is not a substantial relationship between the initial Consultation and the representation in the instant action. Since there is not a substantial relationship there is no need to address the presumption of shared confidences with respect to the initial Consultation and the representation in the instant action.

II. Potential for Cheng as a Witness

Defendants also make the argument that Cheng Cohen should be disqualified since "Amy Cheng and other attorneys in the firm are likely to be called as witnesses." (Mot. 6). Generally, the courts bar attorneys from acting both as an advocate and a witness in the same proceeding. *United States v. Marshall*, 75 F.3d 1097, 1106 (7th Cir. 1996). The Seventh Circuit has indicated that disqualification is

7

an appropriate remedy in cases where the attorney's testimony is "'essential to the case'" or the attorney "'has crucial information . . . which must be developed.'" *Lebovitz*, 856 F.2d at 909 (quoting *General Mills Supply Co. v. SCA Services, Inc.*, 697 F.3d 704 708 (6th Cir. 1982) and *Universal Athletic Sales Co. v. American Gym, Recreational & Athletic Equipment Corp.*, 546 F.3d 530, 538-39 n. 21 (3d Cir. 1976)).

Defendants have pointed to no information indicating that another attorney at Cheng Cohen has a prior relationship to Plaintiffs or Defendants that would justify calling them as witnesses and Defendants merely suggest that it is possible that discovery might reveal a need to call other attorneys at Cheng Cohen as witnesses. However, such speculation is not sufficient to justify disqualification of Cheng Cohen at this stage in the litigation. Furthermore, even if Cheng were to be called as a witness based on her one-time previous meeting with Watters and Markham, such a possibility is also not a basis to disqualify Cheng Cohen at this juncture. Based on the evidence presented to the court it is by no means clear that Cheng would be an essential witness for either party or that her testimony would be prejudicial to Defendants. Therefore, disqualification is not appropriate.

We finally note that our conclusion that disqualification is not warranted in this case is consistent with the Seventh Circuit's repeated pronouncement that disqualification is a "'drastic measure.'" *Schiessle*, 717 F.2d at 419-21 (quoting in part *Freeman*, 689 F.2d at 721). Motions for disqualification should be viewed with "extreme caution." *Freeman*, 689 F.2d at 723. The reason for the "disqualification

remedy" is the "need to enforce the lawyer's duty of absolute fidelity and to guard against the danger of inadvertent use of confidential information, . . ., as well as to continue to achieve a high regard for the legal profession in the public mind . . ." *Id.* Since Defendants have not pointed to any substantial relationship between Cheng's involvement during the Consultation and Cheng Cohen's representation in the instant action and since Defendants have not shown that there is a prejudice to their case or a danger to the perception of the legal profession, we deny the motion to disqualify counsel.

## CONCLUSION

Based on the foregoing analysis, we deny the motion to disqualify counsel.


_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   February 27, 2009

9